UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH MEYER,

        Plaintiff,

  v.                                                    Civil No. 07-1127-HA

COUNTY OF WASHINGTON, SHERIFF         ORDER
ROBERT GORDON, DISTRICT
ATTORNEY ROBERT HERMANN,
SERGEANT TIM TANNENBAUM,
SERGEANT SHAUN BAILEY, DEPUTY
JASON YAZZOLINO, DEPUTY MATT
MINTIER, DEPUTY WESLEY HALL,
DEPUTY RYAN GARRICK, and DEPUTY
BENJAMIN RUHL,

        Defendants.

HAGGERTY, Chief Judge:

      Plaintiff filed this action on August 1, 2007, and filed an Amended Complaint on March 3, 2008, that added District Attorney Robert Hermann as a defendant. Defendant Hermann moves to dismiss the action against him, asserting that plaintiff has failed to state a claim against

1 - ORDER

him and, alternatively, that plaintiff's suit against him is barred by the doctrine of qualified immunity.

**BACKGROUND**

The following factual summary is derived from the allegations presented in the Amended Complaint. These allegations are construed liberally in favor of plaintiff and are accepted as true for the purposes of resolving defendant's motion. On June 23, 2006, deputies from the Washington County Sheriff's Department surrounded plaintiff's home after receiving reports that he had been driving under the influence of intoxicants just before entering his residence. Plaintiff failed to respond to the deputies' attempts to meet with him, and after more than an hour at the scene, one of the deputies called his supervisor to seek permission to enter the home without a warrant on grounds that the existence of probable cause plus exigent circumstances established an exception to the requirement for a warrant. The supervisor authorized entry and three deputies entered plaintiff's residence, searched it, and seized plaintiff.

After plaintiff initiated this suit, the deputies – the initial defendants – advanced an affirmative defense asserting that District Attorney Hermann had implemented a policy precluding law enforcement officers from asking any judicial officer for a telephonic search warrant. The deputies believed that they were bound by this policy and could not obtain a warrant before evidence would dissipate. This belief compelled them to seek permission for a warrantless search.

After the deputies presented this affirmative defense, plaintiff amended his Complaint by adding District Attorney Hermann as a defendant. Hermann now moves to dismiss the action against him.

2 - ORDER

**ANALYSIS**

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his [or her] claim" that would entitle the plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of resolving a motion to dismiss, the Complaint must be construed liberally in favor of the plaintiff, and the Complaint's allegations are accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) (citation omitted). Accordingly, a motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Id.*

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [to survive], a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1959 (2007) (citations, internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* This court's review is limited to the face of the Complaint, documents referenced by the Complaint, and matters of which this court may take judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

Here, plaintiff's Amended Complaint provides a specific factual basis for his claim for relief against defendant Hermann:

3 - ORDER

> The facts pleaded in paragraph 17 of the complaint indicate that the defendant officers were concerned about whether they had exigent circumstances. Before entering, the officers on the scene made a telephone call to a supervising sergeant to request permission to enter based on exigent circumstances. Because of the district attorney's policy against seeking a telephonic warrant, the officers at the scene called their supervising officer instead of a magistrate. And because of the district attorney's policy, the deputies concluded that exigent circumstances existed because there was not time to apply for a warrant in person before evidence of intoxication dissipated.
>
> \* \* \*
>
> The pleadings indicate that defendant Hermann is liable in his individual capacity for establishing a policy which caused sheriff's deputies to violate the plaintiff's rights.

Pl.'s Response at 6 (footnote omitted).

Plaintiff asserts that defendant Hermann is individually liable for making a policy that resulted in causing a violation of plaintiff's rights. *Id*. at 7 (citing *Haynesworth v. Miller*, 820 F.2d 1245, 1268 (9th Cir. 1987)). While the underlying facts presented in *Haynesworth* differ from the issues raised here, there is case authority suggesting that individual liability for a damages claim under 42 U.S.C. § 1983 may be established if a plaintiff can show that the defendant was personally involved in the alleged constitutional deprivation, such as by creating a policy under which unconstitutional practices occurred. *See, e.g., Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991).

The Ninth Circuit has recognized that under limited circumstances, a supervisor may be liable under 42 U.S.C. § 1983 for the acts of others. "Although there is no pure *respondeat superior* liability under § 1983, a supervisor is liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007) (citing

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).  The court in *Hydrick* concluded the

plaintiffs had sufficiently alleged that the constitutional violations suffered were set in motion by

"policy decisions" by defendant supervisors:

> Under *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988), the Plaintiffs will need to show how the deliberate indifference or affirmative actions of each Defendant caused a constitutional violation before they can seek monetary damages against any individual Defendant.  At this stage of pleading, however, the Plaintiffs[ ] need not specifically delineate how each Defendant contributed to the violation of their constitutional rights.  Indeed, we do not see how, prior to discovery, they could plead the individual roles of each state officer with any more specificity.  Taking the statements in the complaint in the light most favorable to the Plaintiffs, the Plaintiffs may be able to state a claim against all of the named Defendants, each of whom played an instrumental role in policymaking and enforcement . . . .

*Hydrick*, 500 F.3d at 988.

This court agrees with this reasoning, and it applies to the issues presented here.  Under the standards mandated in evaluating a motion to dismiss, plaintiff has presented factual allegations regarding defendant Hermann's implementation of a policy that may have contributed directly to an alleged deprivation of plaintiff's constitutional rights.  This is adequate to raise a right to relief above the speculative level, and to survive defendant Hermann's motion to dismiss.

Defendant Hermann also seeks dismissal on the ground that he is entitled to qualified immunity.  In analyzing the qualified immunity defense, a court must determine: (1) what right has been violated; (2) whether that right was so "clearly established" at the time of the incident that a reasonable official would have been aware that the conduct violated constitutional bounds; and (3) whether a reasonable public official could have believed that the alleged conduct was lawful.  *See Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996).

5 - ORDER

Plaintiff's claims arise under the Fourth Amendment to the United States Constitution, which extends myriad protections to people against the unreasonable search of their homes. This right was clearly established at the time that defendant Hermann allegedly imposed his policy against obtaining telephonic warrants. Accepting plaintiff's allegations as true, as this court must at this stage of the litigation, it is plain that plaintiff may be able to present a violation of his clearly established Fourth Amendment rights and that defendant Hermann cannot yet be said to be shielded by qualified immunity.

As the *Hydrick* court recognized, "[t]he watchword of the Fourth Amendment in every context is 'reasonableness:'"

> The "reasonableness" of a search or seizures is a fact-intensive inquiry that cannot be determined at this stage [in which qualified immunity is being advanced as grounds for a motion to dismiss]. It is impossible to make such a fact-specific determination when the precise circumstances of the searches or seizures are not before the court and when the Defendants have not yet had a chance to justify the alleged searches or seizures. We cannot say, then, that the Plaintiffs cannot possibly state a "clearly established violation" based on any facts consistent with their pleadings. Therefore, Defendants do not have a right to dismissal under Rule 12(b)(6) based on qualified immunity.

*Hydrick*, 500 F.3d at 993 (citations and footnote omitted).

## CONCLUSION

This court concludes that defendant Hermann's Motion to Dismiss [21] must be denied.

IT IS SO ORDERED.

Dated this   8    day of December, 2008.

                                                                                      /s/ Ancer L. Haggerty
                                                                                       Ancer L. Haggerty
                                                                      United States District Judge